XAVIER BECERRA
Attorney General of California
SUSAN S. FIERING, State Bar No. 121621
Supervising Deputy Attorney General
ROSE B. FUA, State Bar No. 119757
HEATHER C. LESLIE, State Bar No. 305095
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone:  (510) 879-0190
Fax:  (510) 622-2270
E-mail:  Rose.Fua@doj.ca.gov
*Attorneys for California Department of Toxic
Substances Control*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**<br><br>Plaintiff,<br><br>v.<br><br>**HISTORIC ARSENAL PARK LLC, UNICO INDUSTRIAL SERVICE CO., GORDON POTTER, and VIRGINIA POTTER ELLIOTT,**<br><br>Defendants. | **COMPLAINT FOR RECOVERY OF RESPONSE COSTS AND DECLARATORY RELIEF** |

Plaintiff, the California Department of Toxic Substances Control ("DTSC"), alleges as follows:

**NATURE OF THE ACTION**

1.    DTSC seeks cost recovery and declaratory relief under sections 107(a) and 113(g) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613.

1

2.      DTSC has incurred response costs and expects to continue to incur response costs in connection with actions taken in response to releases or threatened releases of hazardous substances that resulted in soil and groundwater contamination at, beneath, and/or in the vicinity of 938, 940, 942, 945, 946, 952, and 954 Tyler Street; 963, 965, 967, 969, 971, 973, 977, 979, 981, 983, 985, 989, and 991 Lincoln Street; and 900 and 954 Jackson Street, Benicia, Solano County, California (identified by Assessor's Parcel numbers 0080-28-0010, 0080-28-0030, 0080-28-0040, 0080-28-0050).  These addresses, and the areal extent of the hazardous substance contamination that is or has been present at, or has extended from, these addresses, are referred to herein as "the Site."  DTSC seeks to recover these response costs pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

3.      DTSC seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendants are jointly and severally liable for all future response costs incurred by DTSC in response to releases and/or threatened releases of hazardous substances from or at the Site.

4.      Lead, trichlorethylene ("TCE"), cis-1,2-dichloroethene ("1,2 DCE"), and vinyl chloride, among other known compounds, have been found in the soil and groundwater at the Site.  Each of these substances is a "hazardous substances" as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

**JURISDICTION**

5.      This Court has jurisdiction over this action and over the Defendants pursuant to 28 U.S.C. § 1331 and section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

**VENUE**

6.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b).  The release and threatened release of hazardous substances into the environment, which form the basis for DTSC's claims, occurred in this District.

**INTRADISTRICT ASSIGNMENT**

7. Assignment to the Sacramento Division of the Eastern District is proper under Local Rule 120(d) because the release and threatened release of hazardous substances into the environment, which form the basis of DTSC's claims, occurred in Solano County.

**PLAINTIFF**

8. DTSC is a public agency of the State of California, organized and existing under California Health and Safety Code §§ 58000, *et seq.* DTSC has responsibility for determining whether there has been a release and/or threatened release of a hazardous substance into the environment and for responding to releases and/or threatened releases of a hazardous substance into the environment or determining the actions to be taken in response thereto. DTSC may bring a cost recovery action for response costs against a liable party directly pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a). DTSC has incurred response costs as a result of releases of hazardous substances at the Site.

**DEFENDANTS**

9. Historic Arsenal Park LLC ("HAP") is a limited liability corporation under the laws of the State of California. HAP has been the owner of the Site April 6, 1981, under various names. HAP is an "owner" and/or "operator" of a facility, as those terms are described in section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

10. Unico Industrial Service Co. ("Unico") is a corporation under the laws of the State of California. Unico leased the Site and operated there from 1971 through 1985. We are informed and believe that Unico may have used a solvent degreaser during its operation on the Site and that it "operated" a "facility" at the time of disposal of a hazardous substance, as those terms are described in section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

11. Gordon Potter and Virginia Potter Elliot ("the Potters") are individuals who owned the Site from November 29, 1979 to April 6, 1981. The Potters leased the Site to Unico which may have used a solvent degreaser on the Site. We are informed and believe that the Potters "owned" and "operated" a "facility" at the time of disposal of a hazardous substance, as those terms are described in section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

3

Complaint for Recovery of Response Costs and Declaratory Relief

12.   HAP, Unico, and the Potters are referred to collectively herein as Defendants.

**GENERAL ALLEGATIONS**

13.   Land in Benicia, California was designated as the Benicia Arsenal for use by the United States Army in 1849.  The land the Site now occupies was part of Area I, the industrial and manufacturing area, of Benicia Arsenal.

14.   At the Site the Army conducted a variety of operations and as a result released hazardous substances, including, but not limited to, lead and TCE and its breakdown products, 1,2 DCE and vinyl chloride, into the environment.

15.   Subsequent to the United States' ownership, the Site was owned and/or leased and operated by the Defendants.  We are informed and believe that during Defendants' ownership and/or operation, hazardous substances, include lead, TCE, 1,2 DCE, and vinyl chloride were released into the environment.

16.   Environmental investigations of the entire Benicia Arsenal were conducted by the United States Army Corps of Engineers in 1998 and were supplemented with further study in 2005.  These investigations included the collection of groundwater and soil samples on the Site. The Army Corp's investigation detected lead, TCE and chemicals that result from the breakdown of TCE, 1,2 DCE, and vinyl chloride –  in the soil and groundwater samples from the Site.

17.   In 2014, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order ("Order") for the Site pursuant to California Health and Safety Code sections 25358.3(a), 25355.5(a)(1)(B), 58009, and 58010.  The Order listed Defendants as a responsible party.

18.   DTSC has incurred, and expects to continue to incur, costs of "response" as that term is defined in section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in taking actions in response to the release or threatened release of hazardous substances at and from the Site.  To date, the response actions include, but are not limited to, inspection, review, and oversight of investigations of the extent of the release at the Site.

# FIRST CLAIM FOR RELIEF
## Cost Recovery Under CERCLA
(42 U.S.C. § 9607(a))

19.     DTSC incorporates the allegations in each of the preceding paragraphs as though fully set forth herein.

20.     The Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

21.     DTSC is a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Pursuant to this section, DTSC may also recover interest on response costs incurred.

22.     Each of the Defendants is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

23.     Each of the Defendants is an "owner" and/or "operator" of the Site or was an "owner" and/or "operator" of the Site "at the time of disposal of a hazardous substance" there, as those terms are used in sections 107(a)(1) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(1) and 9607(a)(2).

24.     Each of the Defendants is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for the response costs incurred, and to be incurred, by DTSC in connection with the Site.

25.     At the Site there has been a "disposal" of chemicals including lead, TCE, 1,2 DCE, and vinyl chloride into the "environment" within the meaning of sections 101(29) and 101(8) of CERCLA, 42 U.S.C. §§ 9601(29), 9601(8).

26.     Lead, TCE, 1,2 DCE, and vinyl chloride are "hazardous substances" as defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

27.     As a result of the release and/or threatened release of hazardous substances at and/or from the Site, DTSC has responded to the release or threatened release of hazardous substances to the environment and incurred response costs, including the costs of oversight and enforcement costs, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

5

28.    DTSC has incurred costs in responding to the release or threatened release of hazardous substances at or from the Site in a manner that satisfies the requirements of section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4), in that the costs arose from activities that are not, and have not been, inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

**SECOND CLAIM FOR RELIEF**
**Declaratory Relief Under CERCLA**
(42 U.S.C. § 9613(g)(2))

29.    DTSC incorporates the allegations in each of the preceding paragraphs as though fully set forth herein.

30.    Pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), DTSC is entitled to a declaratory judgment that each of the Defendants is jointly and severally liable in any subsequent action or actions by DTSC to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the Site.

**PRAYER FOR RELIEF**

WHEREFORE, DTSC prays for relief as follows:

a)    For a judgment that each Defendant is jointly and severally liable without regard to fault to DTSC under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all response costs incurred by DTSC as a result of the release or threatened release of hazardous substances at the Site;

b)    For interest on the above sums as provided by section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

c)    For a declaration, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that each Defendant is jointly and severally liable without regard to fault to DTSC for all future costs DTSC incurs in response to the release or threatened release of hazardous substances at and/or the Site;

d)    For attorney's fees, all enforcement costs, and the costs of this suit; and

e)    For such other relief as the Court deems just and proper.

6

1

2
Dated:  March 14, 2018                                    Respectfully submitted,

3
                                                                       XAVIER BECERRA
                                                                       Attorney General of California
                                                                       SUSAN S. FIERING
4
                                                                       Supervising Deputy Attorney General

5

6
                                                                        */s/ Rose B. Fua*

7                                                                       _____
                                                                       ROSE B. FUA
8                                                                       HEATHER C. LESLIE
                                                                       Deputy Attorneys General
9                                                                       *Attorneys for California Department of*
                                                                       *Toxic Substances Control*

10
OK2015950029
11
90922734.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Recovery of Response Costs and Declaratory Relief